Ordered that the defendant's motion be and the same hereby is denied.

**ORDER OF RAILROAD CONDUCTORS & BRAKEMEN, and Brotherhood of Locomotive Firemen & Enginemen, Plaintiffs,**

v.

**FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, Defendant.**

Civ. No. 64-327.

United States District Court
M. D. Florida,
Jacksonville Division.

Jan. 6, 1965.

Rutledge & Milledge, Nichols, Gaither, Beckham, Colson & Spence, Miami, Fla., for plaintiff.

William B. Devaney, Steptoe & Johnson, Washington, D. C., J. Turner Butler, Jacksonville, Fla., for defendant.

SIMPSON, Chief Judge.

This cause was heard after due notice on December 29, 1964, on the Motion of the Plaintiffs, Order of Railroad Conductors & Brakemen and Brotherhood of Locomotive Firemen & Enginemen, for preliminary injunction. Oral testimony, stipulations as to evidence and documentary evidence offered by Plaintiffs and Defendant were received in open court, followed by argument from counsel for the parties. Thereupon, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Plaintiffs, Order of Railroad Conductors & Brakemen, and Brotherhood of Locomotive Firemen & Enginemen, are labor organizations under and as defined by the Railway Labor Act (45 U.S.C. § 151 et seq.) and engage in collective bargaining in the railroad industry. The Plaintiff, Order of Railroad Conductors & Brakemen, is the duly authorized and accredited representative for the purposes of the Railway Labor Act of the conductor craft of employees employed by the Defendant, Florida East Coast Railway Company. The Plaintiff, Brotherhood of Locomotive Firemen & Enginemen, is the duly authorized and accredited representative for the purposes of the Railway Labor Act of the hostler and hostler helper crafts of employees employed by the Defendant, Florida East Coast Railway Company.

2. The Defendant, Florida East Coast Railway Company, is a Florida corporation engaged in interstate commerce as a railroad "carrier" as defined in Section 1, Railway Labor Act, 45 U.S.C. § 151, and is subject to the provisions of the said Act. The Defendant is licensed to do business and is doing business within the Middle Judicial District of Florida, and has its principal place of business in St. Augustine, Florida, in this Division of said district.

3. Collective bargaining agreements between the Plaintiffs and the Defendant have been in effect for many years governing rates of pay, rules and working conditions of the conductor, hostler and hostler helper crafts of employees who are employed by the Defendant. Said collective bargaining agreement between the Plaintiff, Order of Railroad Conductors & Brakemen, and the Defendant was revised in 1956 and with subsequent changes agreed to by both parties has been and is in effect at all times material to this suit. Said collective bargaining agreement between the Plaintiff, Brotherhood of Locomotive Firemen & Enginemen, and the Defendant was revised in 1946 and with subsequent changes agreed to by both parties has been and is in effect at all times material to this suit.

4. The Southeastern Carriers' Conference Committee is a committee of railroad officers authorized to represent the carriers which are members thereof, and to negotiate to a conclusion for them certain proposals to change existing agreements concerning rates of pay, rules and working conditions made by said car-

riers to the Plaintiffs and other labor organizations in a Notice dated November 2, 1959, issued by the member carriers pursuant to Section 6 of the Railway Labor Act, 45 U.S.C. § 156.

5. At the time that the aforesaid Section 6 Notice dated November 2, 1959, was issued, the Defendant was a member of the Southeastern Carriers' Conference Committee, and the Defendant had delegated in October, 1959, to said Committee authority to negotiate for the Defendant the proposals made therein to a conclusion.

6. By letter dated March 12, 1963, the Defendant formally withdrew from the Southeastern Carrier's Conference Committee and notified the Plaintiffs that it had repudiated and discharged said Conference Committee as its authorized agent for the purpose of negotiating changes in the prevailing rates of pay, rules and working conditions pertaining to the conductor, hostler and hostler helper crafts of employees.

7. On September 25, 1963, the Defendant issued a new Notice to the Plaintiffs pursuant to Section 6 of the Railway Labor Act covering all of the subjects contained in the prior November 2, 1959 Notice and proposing a complete revision of the Agreement between the parties pertaining to rates of pay, rules and working conditions. Said September 25, 1963 Notice, which was entitled "Uniform Working Agreement", provided that when it became effective, it would supersede all other rules, agreements, and understandings in conflict therewith.

8. A conference was held by representatives of the Plaintiffs and of the Defendant at the Monson Motel, St. Augustine, Florida, on October 22, 1963, to discuss the Defendant's Section 6 Notice of September 25, 1963. On October 25, 1963, the services of the National Mediation Board were requested by the Plaintiffs and the National Mediation Board assumed jurisdiction over the dispute and docketed Plaintiffs' application as N.M.B. Case No. 7056.

9. On November 4, 1963, the Defendant unilaterally placed into effect (and into actual practice as to its employees in the crafts of conductor, hostler and hostler helper) its Notice of September 25, 1963, entitled "Uniform Working Agreement." By this action taken on November 4, 1963, the Defendant specifically intended to replace and supersede its earlier proposals of November 2, 1959, and the Defendant later confirmed this intention by letter to the Plaintiffs dated February 24, 1964, in which it stated that the November 2, 1959, proposals had been "superseded and replaced by the rules placed into effect on November 4, 1963 * * *."

10. Since October 22, 1963, the parties have held no conferences on the Defendant's Notice of September 25, 1963, or on the Defendant's Notice of November 2, 1959.

11. On March 9, 1964, the Defendant gave notice to the Plaintiffs of its intention to withdraw the rules, rates of pay and working conditions contained in its "Uniform Working Agreement" which had been placed into effect on November 4, 1963, and gave notice of its intention to substitute the proposals contained in its Notice of November 2, 1959.

12. At no time prior to March 9, 1964, did the Defendant operate under the proposals contained in its Notice of November 2, 1959, nor did it apply the rules, rates of pay and working conditions contained therein to its employees in the crafts of conductor, hostler and hostler helper.

13. The action of the Defendant in unilaterally changing the rules, rates of pay and working conditions causes irreparable damage to the Plaintiffs as the bargaining agent for the Defendant's employees in the conductor, hostler, and hostler helper crafts and prevents the Plaintiffs from fulfilling their duties under the Railway Labor Act as bargaining agents for all employees of Defendant in those crafts.

### CONCLUSIONS OF LAW

A. This Court has jurisdiction of this suit and of the parties. The cause of

action asserted arises under the Railway Labor Act, 45 U.S.C. § 151 et seq. Jurisdiction of this suit exists under 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

B. Section 2, Seventh, of the Railway Labor Act provides as follows:

"Seventh. No carrier, its officers or agents shall change the rates of pay, rules, or working conditions of its employees, as a class, as embodied in agreements except in the manner prescribed in such agreements or in Section 6 of this act."

Section 6 of the Railway Labor Act expresses a similar prohibition.

■ C. The disputes as to rates of pay, rules and working conditions involved in the Florida East Coast Railway Company's Section 6 Notices of November 2, 1959 and September 25, 1963, are "major disputes" within the meaning of the Railway Labor Act and this Court has jurisdiction to issue injunctive relief to maintain the status quo ante pending exhaustion of the procedures of the Railway Labor Act. Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 722–724, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945), Florida East Coast Railway Co. v. Brotherhood of Railroad Trainmen, AFL–CIO (C.A. 5, No. 21356, August 18, 1964), 336 F.2d 172.

■ D. The action of the Defendant in putting into effect and into practice on November 4, 1964, the complete revision of rules, rates of pay and working conditions, entitled "Uniform Working Agreement", which proposal was contained in its Section 6 Notice of September 25, 1963, violated the provisions of Section 2, Seventh, and Section 6 of the Railway Labor Act. The services of the National Mediation Board had been duly requested by the Plaintiffs within a period of ten days after termination of the conference on the matter. The National Mediation Board took jurisdiction over the dispute, and the matter has not been finally acted upon by the National Mediation Board.

■ E. The action of the Defendant from November 4, 1963, until March 9, 1964, in placing into effect and into actual operation as to the crafts of conductor, hostler and hostler helpers, the "Uniform Working Agreement" did, as intended by the Defendant, supersede and replace the proposals contained in the Notice of November 2, 1959. Having replaced such earlier proposals with later ones, the Defendant was not entitled on March 9, 1964 to put the superseded proposals of November 2, 1959, into actual effect and operation. Brotherhood of Locomotive Fire. and Eng. v. Southern Railway Co. (D.C. 1963), 217 F.Supp. 58. Cf. Brotherhood of Railroad Trainmen v. Florida East Coast Railway Co. (C.A. 5, No. 21356, August 18, 1964), 336 F.2d 172, in which the Section 6 Notice of September 25, 1963, was never placed into effect and the parties were still bargaining on those proposals at the time the preliminary injunction was entered.

See further the decision of this Court (unreported) in Brotherhood of Locomotive Engineers v. Florida East Coast Railway Company, Case No. 64–239–Civ–J, Findings of Fact, Conclusions of Law and Preliminary Injunction entered November 5, 1964, and the Per Curiam Opinion of the U. S. Court of Appeals, Fifth Circuit (under reverse title) denying the application for Stay of Injunction Pending Appeal filed November 25, 1964.

■ F. The fact that a strike is in progress on the FEC does not justify the wholesale abrogation of existing collective bargaining agreements, but does afford the Defendant FEC, on appropriate application to this Court therefor and evidentiary showing in support thereof, the right to make such changes in existing rules and working conditions as are reasonably necessary in order for the FEC to continue to operate during the strike. Any such changes as the FEC contends are justified by this exception must be presented to this Court on an item-by-item basis for review and determination hereafter.

G. The Plaintiffs are entitled to the preliminary injunction against the Defendant issued herein.

H. Sufficient security to be required of Plaintiffs under F.R.Civ.P., Rule 65 (c), is surety bond in usual form of injunction bond in the amount of $1000.00. This was the bond required in No. 64–239–Civ–J (the B.L.E. case, supra), in which case the Fifth Circuit Court of Appeals has declined on November 25, 1964 (supra) to Stay the similar Preliminary Injunction pending appeal. For all practical purposes, this case stands on all-fours with No. 239–Civ–J on the facts. Identical relief is granted here to that granted the B.L.E.